# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: June 3, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * <br> STEVEN PARKER and ELIZABETH * <br> PARKER, as parents and natural guardians * <br> of KCP, a minor, * <br> * <br> Petitioners, * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * * * * * * * * * * * * * | UNPUBLISHED <br><br> No. 02-1553 <br><br> Special Master Dorsey <br><br><br> Interim Attorneys' Fees and Costs; <br> Expert Fees and Costs; Paralegal and Expert <br> Excessive Hourly Rate. |

Mark L. Krueger, Krueger & Hernandez, SC, Baraboo, WI, for petitioners.
Linda Renzi, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**I.    Introduction**

On March 31, 2015, petitioners filed a motion requesting an award of interim attorneys' fees and costs in the amount of $41,741.05. See Petitioners' Application for an Award of Interim Attorneys' Fees and Costs at 2. For the reasons discussed below, petitioners' expert, Dr. Andrew Zimmerman's billing rate will be reduced from $600 per hour to $500 per hour, Dr. Richard Deth's invoice will be reduced by half, and Mr. Mark Krueger's paralegal billing rate will be reduced from $150 per hour to $125 per hour. Thus, the undersigned awards petitioners a total of $35,766.05.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

1

## II.     Procedural History

On November 14, 2002, Steven and Elizabeth Parker ("petitioners"), as the parents and natural guardians of KCP, their daughter, filed a petition under the National Vaccine Injury Compensation Program ("the Program").[2] Petition at 1. On August 5, 2014, petitioners filed an amended petition alleging that KCP developed hypotonia, seizure disorder, encephalopathy, and global developmental delay as a result of receiving a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine on February 10, 2000. On that same day, KCP also received her the haemophilus influenza type B ("HIB"), hepatitis B ("hep B"), and polio ("IPV") vaccinations. Amended Petition dated Aug. 5, 2014, at 1-2. The case was originally assigned to Special Master George L. Hastings. Notice dated Nov. 14, 2002.

On December 14, 2011, petitioners' original attorney, Mr. Sammy Michel Cacciatore, filed a motion to withdraw as counsel of record. Motion to Withdraw at 1. On December 22, 2011, petitioners filed a motion for an award of interim attorney's fees and costs to compensate Mr. Cacciatore. See Petitioners' Initial Application for Interim Attorneys' Fees. Special Master Hastings awarded petitioners $6,591.17, in interim attorney's fees and costs. See Decision dated May 21, 2012, at 4. On November 9, 2012, Special Master Hastings granted petitioners' motion to substitute Mr. Krueger as their counsel. See Order dated Nov. 9, 2012.

On January 6, 2014, petitioners filed an expert report from Dr. Richard Deth, which stated that the vaccines KCP received on February 10, 2000, caused her "developmental delay, hypotonia, seizures, mitochondrial dysfunction, severe food allergies and GI dysfunction." Petitioners' Exhibit 36 at 1. Dr. Deth asserted that his conclusion "is supported by abnormal levels of metabolites which support methylation reactions, importantly including DNA methylation which controls gene expression and serves to guide development." Id.

Respondent filed an expert report from Dr. Peter Bingham on October 3, 2014. Dr. Bingham stated that KCP "did not suffer acute encephalopathy in the days following vaccination . . . and did not suffer oxidative injury or any kind of medical 'collapse' as that term is most often used in a medical setting." See Respondent's Exhibit A at 4. On October 28, 2014, this case was reassigned to the undersigned.

On March 25, 2015, petitioners' counsel, Mr. Krueger, filed a status report stating that he and petitioners agreed that Mr. Krueger would withdraw from the case. See Status Report filed Mar. 25, 2015, at 1.

On March 31, 2015, petitioners filed an application for interim attorneys' fees and costs, seeking reimbursement for attorneys' fees and costs in the amount of $41,741.05. Of that total, $19,230, is billed for Mr. Krueger's fees, $11,775 is billed for paralegal fees, $6,825, is for Dr.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act"). All citations in this order to individual sections of the Act are to 42 U.S.C. § 300aa.

Deth's invoice, $3,600, is for Dr. Zimmerman's invoice, and $311.05, is for costs such as copies, postage, and legal research.  See Tab 1-4 of Affidavit to Petitioners' Application for Interim Attorneys' Fees, filed Mar. 31, 2015.

On April 22, 2015, respondent filed a motion for enlargement of time stating that she "inadvertently missed the fourteen day deadline to file a response to petitioners' interim fee application" and requested until April 27, 2015, to do so.[3]  Respondent's Motion for Extension of Time at 1.  On that same day, the undersigned granted in part and denied in part respondent's motion for enlargement of time, and instead, allowed the parties time to confer and work together to resolve petitioners' claim for interim attorneys' fees and costs.  See Order dated April 22, 2015, at 1.

On April 27, 2015, respondent filed a joint status report stating that the parties, despite discussions, were not able to agree on a resolution regarding petitioners' application for interim attorneys' fees and costs.  See Joint Status Report filed Apr. 27, 2015, at 1.

The undersigned held a status conference on May 7, 2015, to discuss petitioners' interim fee application.  Respondent objected to various items in petitioners' attorneys' fees and costs application, including the costs billed by petitioners' experts, the number of hours the petitioners' experts and attorney billed, and whether a reasonable basis existed for certain activities that were billed in this case.  See Order dated May 7, 2015.  After considering petitioners' application and respondent's objections, this matter is now ripe for adjudication.

    a.  **Overview of Dr. Zimmerman's Expert Costs**

Dr. Zimmerman is a pediatric neurologist and research scientist at the Kennedy Krieger Institute, as well as an associate professor of neurology and psychiatry at Johns Hopkins University School of Medicine.  Dr. Zimmerman earned his medical degree from Columbia University in 1970.  He has a particular interest in studying behavioral neurology and autism.[4]

According to his invoice, Dr. Zimmerman began reviewing records for the petitioners on February 14, 2013, and continued similar work for petitioners through February 20, 2013.  He billed six hours at $600 per hour for a total bill of $3,600.  See Tab 3 of Affidavit to Petitioners' Application for Interim Attorneys' Fees, filed Mar. 31, 2015.

    b.  **Overview of Dr. Deth's Expert Costs**

Dr. Deth is a molecular neuroscientist who focuses on neurotransmitter receptor signaling mechanisms, and he has conducted laboratory research for over 40 years.  His research has included studies regarding the relationship between abnormal metabolic pathways and developmental disorders such as autism.  See Petitioners' Exhibit 36 at 2.

---

[3] Respondent's response to the Interim Fee Application was due on April 17, 2015.
[4] Andrew Zimmerman, M.D., Kennedy Krieger Institute, http://www.kennedykrieger.org/patient-care/faculty-staff/andrew-zimmerman

3

According to his invoice, Dr. Deth began his work for petitioners on October 11, 2013, with a phone interview with petitioners. He continued his work, reviewing medical records and preparing his expert opinion, through December 29, 2013. Dr. Deth worked a total of 19.5 hours at a rate of $350 per hour, billing a total of $6,825, for his services. See Tab 2 of Affidavit to Petitioners' Application for Interim Attorneys' Fees, filed Mar. 31, 2015.

### c. Overview of Mr. Krueger's Fees

According to his invoice, Mr. Krueger's hourly billing rate is $300 per hour and his paralegal's rate is $150 per hour. Mr. Krueger requests a total amount of interim attorneys' fees equaling $31,005.00, for time spent working on petitioners' case from September 21, 2012, until March 30, 2015. Petitioners request a total of $10,736.05, for costs from October 29, 2012, until March 26, 2015, including items such as legal research, postage, copies, and expert costs. See Tab 1 of Affidavit to Petitioners' Application for Interim Attorneys' Fees, filed Mar. 31, 2015.

## III. Analysis

### a. Applicable Legal Standards

Petitioners are entitled to an award of reasonable attorneys' fees and costs if the undersigned finds that they brought their petition in good faith and with a reasonable basis. § 300aa-15(e)(1); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe/11 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362v, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). A petitioner "bears the burden of establishing the hours expended." Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), aff'd after remand, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Reasonable attorneys' fees are determined by "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in

4

reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

In Avera, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Because Mr. Krueger will be withdrawing as counsel of record in this case, the undersigned finds that an award of interim attorneys' fees and costs is reasonable and appropriate at this time.

    b. **Analysis of Dr. Zimmerman's Invoice**

The undersigned finds that Dr. Zimmerman's requested hourly rate of $600 is excessive and will instead award him $500 per hour. The undersigned has never awarded an expert witness $600 per hour, and notes that even the payment of $500 per hour for an expert is rare. See Dimatteo v. Sec'y of Health & Human Servs., No. 10-566v, 2014 WL 1509320, at *8 (Fed. Cl. Spec. Mstr. Mar 27, 2014) (stating that a doctor's hourly rate of $500 should be reduced to $400 per hour because such a high fee is "notably unusual"). However, an expert that is particularly efficient and well qualified for the case on which he or she worked may be awarded $500 per hour. See Anderson v. Sec'y of Health & Human Servs., No. 10-672v, 2011 WL 453788, at *1 (Fed. Cl. Spec. Mstr. Sept. 1, 2011) (pre-approving an expert's hourly rate of $500 per hour because of the expert's particular specialization and qualifications); Simon v. Sec'y of Health & Human Servs., No. 05-941v, 2008 WL 623833, at *7 (Fed Cl. Spec. Mstr. Feb. 21, 2008) (stating that an expert's credibility, knowledge, and efficiency allowed him to bill and recover a $500 per hour rate). Because the undersigned finds that Dr. Zimmerman, a pediatric neurologist, researcher and professor, is a qualified witness, Dr. Zimmerman will be awarded $500 per hour for his work on this case, receiving a total of $3,000, rather than the requested $3,600.

    c. **Analysis of Dr. Deth's Invoice**

The undersigned finds Dr. Deth's requested fees of $6,825 excessive and will award him $3,412.50, i.e., half of his requested fees. Special masters have previously rejected Dr. Deth's expert opinions, and petitioners could have discovered this by reviewing previous decisions issued by the Office of Special Masters. For example, in Long v. Sec'y of Health & Human Servs., the Special Master noted that some of the theories Dr. Deth previously presented have been "rejected and criticized," particularly the oxidative stress theory he relied upon again in the present case. See No. 08-792v, 2015 WL 1011740, at *19 (Fed. Cl. Spec. Mstr. Feb. 9, 2015); Petitioners' Exhibit 36 at 13 (explaining Dr. Deth's oxidative stress theory). Additionally, in King ex rel. King v. Sec'y of Health & Human Servs., the Special Master noted that Dr. Deth relied on studies that did not support his oxidative stress theory in that case, that the experiments in the studies he relied upon had significant problems of their own, and that the respondent's experts, who the Special Master found to be more persuasive and convincing than Dr. Deth, opined that Dr. Deth's oxidative stress theory had "no merit." See No. 03-584v, 2010 WL

892296, at *55-*61 (Fed. Cl. Spec. Mstr. Mar. 12, 2010) (finding "no credible support for Dr. Deth's [oxidative stress] theory" in that case).

Furthermore, although Dr. Deth is a Ph.D. molecular neuroscientist who has spent over 40 years conducting laboratory research focusing on neurotransmitter receptor signaling mechanisms, Dr. Deth does not have a medical degree. See Petitioners' Exhibit 36 at 2. Special Master Hastings expressed his concern about this fact in an order dated January 14, 2014, stating that he is "unaware of any case in the Vaccine Program in which a special master or judge has found a petitioner entitled to compensation recovery in a contested cause-in-fact claim based on the testimony of a non-medical doctor." See Order dated January 14, 2014, at 1.

### d. Analysis of Mr. Krueger's Attorney and Paralegal Hourly Billing Rates

Mr. Krueger, attorney for petitioners, will be awarded the requested $300 per hour rate for the hours that he worked on this case, for a total of $19,230. However, the undersigned finds Mr. Krueger's paralegal billing rate of $150 per hour is excessive. Mr. Krueger's requested paralegal billing rate of $150 per hour has previously been denied and reduced to $125 per hour. See Gill v. Sec'y of Health & Human Servs., No. 12-825v, 2014 WL 5341869, at *8 (Fed. Cl. Spec. Mstr. Sept. 30, 2014) (explaining that "the undersigned and other special masters in the Vaccine Program have determined that paralegal rates of up to $125 per hour are reasonable forum rates" as opposed to $150 per hour rates). Thus, the undersigned will award $125 per hour for paralegal fees. Thus, petitioners are awarded a total of $9,812.50, in paralegal fees instead of the requested $11,775.00.

## IV. Conclusion

Petitioners originally requested an award of interim attorney's fees and costs in the amount of $41,741.05. The breakdown of the costs and fees requested and awarded are as follows:

| Expense | Requested | Awarded |
|---|---|---|
| Mr. Krueger's fees | $19,230 | $19,230 |
| Mr. Krueger's paralegal's fees | $11,775 | $9,812.50 |
| Dr. Deth's invoice | $6,825 | $3,412.50 |
| Dr. Zimmerman's invoice | $3,600 | $3,000 |
| Copies, postage, legal research | $311.05 | $311.05 |
| Total: | $41,741.05 | $35,766.05 |

The undersigned awards petitioners a lump sum of **$35,766.05**, **in the form of a check payable jointly to petitioners and petitioners' counsel, Mr. Mark Krueger.**

6

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accord with this decision unless a motion for review is filed.[5]

     **IT IS SO ORDERED.**

                                              S/Nora Beth Dorsey
                                              Nora Beth Dorsey
                                              Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review.