# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| STEVEN PARKER and ELIZABETH PARKER, as Parents and Natural Guardians of K.C.P., a Minor, | * * * * | UNPUBLISHED |
| Petitioners, | * * | No. 02-1553V |
| v. | * * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Dismissal; Diptheria-Tetanus-acellular Pertussis ("DTaP"); Haemophilus Influenzae type B |
| Respondent. | * * | ("HIB"); Hepatitis B ("Hep B") Inactivated Polio Vaccine ("IPV"); |
| * * * * * * * * * * * * * * * * | | Encephalopathy; Autism |

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## DISMISSAL DECISION[1]

On November 14, 2002, Steven Parker and Elizabeth Parker ("petitioners") filed a petition on behalf of their minor child, K.C.P., pursuant to the National Vaccine Injury Compensation Program.[2] On August 5, 2014, petitioners filed an amended petition alleging that K.C.P. developed hypotonia, a seizure disorder, encephalopathy, and global developmental delay as a result of receiving a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine, a Haemophilus Influenzae type B ("HIB") vaccine, a Hepatitis B ("Hep B") vaccine, and an Inactivated Polio Vaccine ("IPV") on February 10, 2000. Amended Petition, dated August 5, 2014, at Preamble. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 12, 2017, petitioners moved for a decision dismissing their petition, stating that "[f]ollowing the Rule 5 Conference on March 7, 2017, Petitioners understand that their claim will not succeed in the Program." Petitioners' Motion for Decision Dismissing Their Petition at ¶ 1. Petitioners state that they understand that a decision by the Chief Special Master dismissing their petition will result in a judgment against them, and that they have been advised that such a judgment will end all of their rights in the Vaccine Program. Id. at ¶ 2. Petitioners state that they intend to protect their rights to file a civil action. Id. at ¶ 4.

To receive compensation under the Program, petitioners must prove either (1) that K.C.P. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that K.C.P. suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that K.C.P. suffered a "Table Injury," nor do petitioners allege that K.C.P. suffered a "Table Injury." Therefore, petitioners' burden is to show actual causation, which they can do by filing medical records or an expert medical opinion in support of their claim. The medical records in this case do not establish causation. Petitioners have also filed an expert report from Dr. Yuval Shafrir. However, the Office of Special Masters has adjudicated numerous claims involving autism, and numerous claims involving Dr. Shafrir's theories and medical literature. In all of these cases, special masters concluded that the evidence is inadequate to support causation and have ruled against petitioners. The evidence is also inadequate in this case.

Under the Vaccine Act, petitioners may not receive a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, there are insufficient medical records supporting petitioners' claim, and Dr. Shafrir's theories are unlikely to prevail because they have previously been found inadequate to establish causation between the vaccines and the symptoms involved in this case.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that K.C.P. suffered a "Table Injury" or that the injuries were "actually caused" by her February 10, 2000, vaccinations. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
