# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  June 19, 2018

```
* * * * * * * * * * * *
```

| | |
|---|---|
| STEVEN PARKER *and* ELIZABETH PARKER, *as Parents and Natural Guardians of* K.C.P., *a minor,* | UNPUBLISHED |
| Petitioners, | Case 02-1553V |
| v. | Chief Special Master Dorsey<br>Reasonable Attorneys' Fees and Costs;<br>Lack of Reasonable Basis; Autism;<br>Amended Decision.[1] |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

```
* * * * * * * * * * * *
```

Renée J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[2]

On November 14, 2002, Steven and Elizabeth Parker ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[3] ("the Program"), as

---

[1] This decision was initially issued on May 22, 2018 (ECF No. 135).  Petitioners then filed a motion to amend the decision on May 31, 2018, in order to clarify how the check should be made payable.  The initial decision was withdrawn, and an amended decision was issued on June 19, 2018.

[2] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public in its current form.  Id.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

the parents and natural guardians of their daughter, K.C.P., a minor.  Petitioners also filed an amended complaint on August 4, 2014.  ECF No. 59.  Petitioners allege that K.C.P. developed hypotonia, a seizure disorder, encephalopathy, and global developmental delay as a result of receiving a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine, a Haemophilus Influenzae type B ("Hib") vaccine, a Hepatitis B ("Hep B") vaccine, and an Inactivated Polio Vaccine ("IPV") on February 10, 2000.

The undersigned dismissed petitioners' case on April 14, 2017.  Petitioners had moved for a decision dismissing their petition, stating that "[f]ollowing the Rule 5 Conference on March 7, 2017, Petitioners understand that their claim will not succeed in the Program."  Petitioners' Motion for Decision Dismissing Their Petition at ¶ 1.  Accordingly, the undersigned determined that petitioners had failed to demonstrate either that K.C.P. suffered a "Table Injury" or that the injuries were "actually caused" by her February 10, 2000, vaccinations and dismissed the petition due to insufficient proof.

On October 20, 2017, petitioners filed a motion for attorneys' fees and costs, requesting compensation for the attorneys and law students who worked on their case, which was part of the George Washington University Law School Vaccine Injury Clinic ("GW Vaccine Injury Clinic").  Petitioners' Application ("Pet. App.") dated October 20, 2017 (ECF No. 131).  Specifically, petitioners requested $22,841.50 in attorneys' fees to compensate their attorneys of record, Ms. Renée J. Gentry and Mr. Clifford Shoemaker, $16,352.90 for work performed by law students at the GW Vaccine Injury Clinic, and $62.00 in costs, for a total of $39,256.40.  Pet. App. at 1.  Petitioners did not request any costs in this case. Id. at 30.

Respondent filed his response on October 26, 2017, indicating that he did not oppose petitioners' motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.  On April 17, 2018, the undersigned issued an order requesting from petitioners additional information concerning the relationship between the GW Vaccine Injury Clinic and the law firm Shoemaker, Gentry & Knickelbein along with documents regarding attorneys' fees and costs and/or billing practices for the GW Law School Vaccine Injury Clinic.  ECF No. 133.  In response, petitioners filed an affidavit from Renée Gentry providing the requested information.

For the reasons discussed below, the undersigned GRANTS petitioners' motion in part, and awards $30,758.92 in attorneys' fees and costs.

## I.   Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good

---

42 U.S.C. §§ 300aa-1-34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

faith  and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).

Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis.  The undersigned finds that petitioners brought their  petition in good faith and that a reasonable basis existed up to and including the Rule 5 conference, which was held on June 7, 2016.  As a result, the undersigned will pay all reasonable costs incurred from the start of the case until and including the Rule 5 conference on June 8, 2016, and for winding up the case.  The fact that petitioners' attorneys' billing records contain numerous entries for student meetings, conferences, and record reviews after June 7, 2016, is taken into consideration in the reduction of petitioners' attorneys' hours, discussed below.

### a.   Reasonable Hourly Rates

For attorney Cliff Shoemaker, petitioners request the following amounts: $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, and $440.00 per hour for work performed in 2017.  For attorney Renée Gentry, petitioners request the following amounts: $400.00 for work performed in 2015, $415.00 per hour for work performed in 2016, and $430.00 per hour for work performed in 2017.  For work performed by law students at the GW Vaccine Injury Clinic, petitioners request a paralegal rate of $145.00 irrespective of year.

On April 12, 2016, the undersigned issued a reasoned decision in Miller v. Sec'y of Health & Human Servs., 13-914V, 2016 WL 2586700 (Fed. Cl. Spec. Mstr. Apr. 12, 2016), addressing the reasonable hourly rates for both professors and students at the GW Vaccine Injury Clinic.  The undersigned concluded that Mr. Shoemaker was entitled to a rate of $415.00 per hour and that Ms. Gentry was entitled to a rate of $400.00 per hour for work performed in 2015. Id. at 9-10.  The undersigned also concluded that law student work should be compensated at a rate of $145.00 per hour in 2015.  Id.

More recently, in C.A. by Audino v. Sec'y of Health and Human Servs., Special Master Millman considered a motion for attorneys' fees for Mr. Shoemaker and Ms. Gentry with both attorneys seeking the same rates as they do in the instant case.  2018 WL 1835561, at *3-4.  The Special Master agreed with the rates proposed for Mr. Shoemaker, but found that "[s]ince Ms. Gentry has been practicing law for approximately 22 years, she may be awarded $358-$424 for work performed in 2017" but could not exceed this range by asking for $430.[4]  Id. at *4. Accordingly, the undersigned will award Ms. Gentry $424.00 per hour for work performed in 2017.  Because Ms. Gentry billed for 1.75 hours in 2017, this results in a reduction of $10.00.

---

[4] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

### b. Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate for three reasons.  First, the undersigned finds that the billing records are replete with excessive intra-office communications, and there are numerous instances of vague billing entries.  Second, seven different law students at the GW Vaccine Injury Clinic billed time on this case over a time period of approximately two years (September 9, 2015 to October 17, 2017) and many of their billing entries reflect duplicative and vague billing entries, intra-office communications, and an excessive amount of staff attending meetings and status conferences.  Finally, Mr. Shoemaker has improperly billed some of his time through the GW Vaccine Injury Clinic (as opposed to through Shoemaker, Gentry & Knickelbein).

For these reasons, and after carefully reviewing petitioners' application, the undersigned reduces petitioners' attorneys' fees award.  In making reductions, a line-by-line evaluation of the fee application is not required. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Cl. Ct. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id.  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Vague Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness.  See Mostovoy v. Sec'y of Health and Human Servs., No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Barry v. Sec'y of Health and Human Servs., No. 12-39V, 2016 WL 6835542 ( Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

After carefully reviewing the billing records, the undersigned finds the number of vague billing entries in this case to be particularly troubling.  Mr. Shoemaker's billing records contain numerous entries for "review corr," but petitioners provide no indication of what he was reviewing or why.  Pet. App. at 5, 8, 9, 10.  Mr. Shoemaker also billed almost two hours (1.9) in attempts to call various parties, such as petitioners and their expert.  See Pet. App. at 3-9 (Entries on 10/19/2015, 10/22/2015, 11/11/2015, 2/06/2016, 3/21/2016, 3/22/2016, 5/22/2016, and 5/23/2016).  This language indicates that Mr. Shoemaker was unsuccessful at reaching these people telephonically.  Therefore, it is unclear why so much time was spent on unsuccessful phone calls, especially when there are numerous follow-up entries in which Mr. Shoemaker bills for sending an e-mail to the individuals he just unsuccessfully tried to call.

In addition, the law students' time records also reflect a number of vague entries, including nearly four hours billed for "file review," "document review", "case review," and exhibit review.  See Pet. App. at 18-25.  One student spent 4.5 and 1.8 hours on "file review pleadings" on successive days, which is not only impermissibly vague, but is also block billing. Id. at 24.  Time records should be sufficiently detailed so that the undersigned may understand the amount of time being spent and the work being performed.  Over twelve hours were billed for entries that did not include sufficient detail about what tasks were being performed and/or why.  The undersigned thus reduces petitioners' fee award for vague entries.

### ii.   Unnecessary and Duplicative Time Billed by Attorneys and Law Students

The undersigned has previously found it reasonable to reduce attorneys' fees awards due  to duplicative billing.  See Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL  3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs.,  No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Mostovoy, 2016 WL 720969.  The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms  worked on a case together).

The  undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative.  Two partners worked on petitioners' case, as well as seven law students.  Pet. App., Exs. 2, 3.  Petitioners have not provided a sufficient explanation as to why the involvement of this many attorneys and law students in a single case was necessary.

The undersigned has previously found that the reviewing of documents by multiple attorneys leads to excessive billing.  See Lord, 2016 WL 3960445, at *7; Cozart v. Sec'y of Health & Human Servs., No. 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016). Similar to the law firm's practices in Lord and Cozart, the attorneys in this case billed excessive hours to review court orders and filing  notifications.  There are numerous entries made by both attorneys and law students covering several hours of billable time in which the attorneys and law students billed time to review orders and notifications in this case. Undoubtedly, multiple individuals reviewed the same orders and notifications and all billed time for doing so.

The amount of time billed for intra-office communications, including emails, intra-office discussions, and numerous meetings with law students, is also excessive.  All of the attorneys and law students who billed time in this case have multiple entries on their time sheets for attending case meetings, engaging in case discussions, and reviewing internal emails.  The undersigned finds the amount of time billed for the same meetings with each other to be particularly

problematic.[5]  Nearly every page of petitioners' billing record has duplicative entries detailing emails and case meetings between multiple attorneys and law students.  Mr. Shoemaker billed over five hours on intra-office emails alone.  The law students also billed over five hours for emails and texting among themselves about the case.  Pet. App. at 18-28.

Other  special masters as well as the undersigned have reduced fee awards for excessive and duplicative intra-office communication.  See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed.  Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office  communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced  fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with  a client).  The amount of intra-office communication occurring in this case is particularly egregious, and such billing practices will not be tolerated in the Program.

For all of these reasons, the undersigned finds the billing in this case so excessive and duplicative as to warrant a reduction of the attorneys' fees by 20 percent and the law students' fees by 20 percent.[6]

### iii.  Improper Billing

Under the billing invoice submitted for the work performed by the GW Vaccine Injury Clinic, there are five entries for work billed by Mr. Shoemaker and three entries for work billed by Ms. Gentry.  Both attorneys (as well as multiple law students) billed for time on November 9, 2016, related to a meeting, two of these entries are dated March 7, 2017, and relate to a telephonic status conference held by the undersigned on that date, while a third entry is on March 15, 2017, and appears to be a phone conference with petitioner as well as a meeting with GW Vaccine Injury Clinic Students.  Pet. App. at 26.  Overall, these eight entries account for a

---

[5] See, e.g., Mr. Shoemaker's and Ms. Gentry's billing records for the following dates: November 11, 2015; January 11, 2016; March 21, 2016; September 14, 2016; September 21, 2016; September 28, 2016; November 9, 2016; November 16, 2016; February 1, 2017; February 8, 2017; March 7; 2015; March 15; 2017.  The undersigned notes that for all of these entries, more than two people billed for the same meetings.  The undersigned further notes that the dates listed above represent only instances in which petitioners' counsel billed for *meetings* with each other and does not constitute an exhaustive list of all intra-office communication.

[6] In the absence of further medical and/or scientific developments, the undersigned is unlikely to be persuaded of vaccine causation in future claims that vaccinations caused an autism spectrum disorder.  She will be disinclined to find a reasonable basis to compensate the attorneys, law students, and/or experts involved in such cases.

combined 1.9 billed hours.  Mr. Shoemaker also billed for the status conference with the undersigned on March 7, 2017, on the Shoemaker, Gentry & Knickelbein labeled sheet.  Id. at 11.

It is unclear why petitioners' counsel would choose to bill any of their time under the GW Vaccine Injury Clinic as opposed to their own law firm.  In order to better ascertain the relationship between Shoemaker, Gentry & Knickelbein and the GW Vaccine Injury Clinic, the undersigned ordered petitioners to file documentation, which petitioners did in the form of an affidavit of Renée Gentry.  ECF No. 134.  In the affidavit, Ms. Gentry states that there is no contract between the GW Vaccine Injury Clinic and the law firm of Shoemaker, Gentry & Knickelbein, nor is there a contract between the GW Vaccine Injury Clinic and Mr. Shoemaker or Ms. Gentry personally.  Affidavit at ¶¶ 3-4.[7]  Ms. Gentry further states that Shoemaker, Gentry & Knickelbein uses different billing software (TimeMatters) than the GW Vaccine Injury Clinic (LegalFiles & FirmManager), and that while LegalFiles is difficult to access remotely, TimeMatters is relatively easily accessed remotely when they are working at the law school.  Id. at ¶¶ 8-10.  Finally, Ms. Gentry states that Mr. Shoemaker "rarely . . . might have an entry in LegalFiles or FirmManager, usually when he was demonstrating the program."  Id. at ¶ 10.

Given this established billing framework, the undersigned finds it unacceptable that counsel billed time in the instant case to the GW Vaccine Injury Clinic, rather than solely to their own firm.  As previously noted in the affidavit, it is not difficult for counsel to access their firm's time-keeping system remotely, and the billed entries go well beyond what could be considered "demonstrating the program" to law students.  There is simply no legitimate reason that counsel should be billing for this case both through their law firm and through the GW Vaccine Injury Clinic.  Given that Ms. Gentry stated in the affidavit that "a separate account was created so as to not mingle Clinic payments and payments from Shoemaker, Gentry & Knickelbein" it is clear that petitioners' counsel are aware of the potential perils associated with billing from multiple accounts.  Affidavit at ¶ 12.  Accordingly, the undersigned will disallow the 1.9 hours of work that counsel billed through the GW Vaccine Injury Clinic, resulting in a reduction of $813.25.  The undersigned also cautions that petitioners' counsel should exercise greater care in creating proper billing records, and that future occurrences of improper billing will not be compensated.

### c.  Costs

Petitioners request a total of $62.00 in attorneys' costs.  Petitioners included documentation which indicates these costs are to reimburse Mr. Shoemaker for purchasing two audio recordings from the Court of Federal Claims.  Pet. App. at 14.  The undersigned finds these costs reasonable and reimburses them in full.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

---

[7] Mr. Shoemaker and Ms. Gentry do have semester-based "part-time" contracts with The George Washington University Law School as adjunct professors.  Affidavit at ¶ 5.

| | |
|---|---|
| Requested attorneys' fees for Shoemaker, Gentry & Knickelbein: | $ 22,841.50 |
| Reduction in attorneys' fees for rate adjustment: | $ (10.00) |
| Reduction in attorneys' fees: | $ (4,566.30) |
| Total fees for Shoemaker, Gentry & Knickelbein: | $ 18,265.20 |
| | |
| Requested attorneys' fees for GW Vaccine Injury Clinic: | $ 16,352.90 |
| Reduction for improper billing: | $ (813.25) |
| Reduction in attorneys' fees: | $ (3,107.93) |
| Total fees for GW Vaccine Injury Clinic | $ 12,431.72 |
| | |
| Requested attorneys' costs: | $ 62.00 |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 30,758.92** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $30,758.92, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioners and The George Washington University Law School Vaccine Injury Litigation Clinic.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

/s/ **Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.